UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASIL LEON HUBLEY,<br><br>      Plaintiff,<br><br>  v.<br><br>WASHINGTON DEPATMENT OF CORRECTIONS, et al.,<br><br>      Defendants | CASE NO. 24-cv-5268-JHC<br><br>**REPORT AND RECOMMENDATION REVOKING IFP STATUS** |

  On April 8, 2024, Plaintiff filed a § 1983 complaint alleging Defendants violated his rights by failing to adequately treat his elbow. Dkt. 1. The Court granted Plaintiff leave to proceed *in forma pauperis* (IFP) on May 24, 2024, and directed service of the complaint. *See* Dkt. 8, 11.

  On June 26, 2024, Defendants moved to revoke Plaintiff's *in forma pauperis* (IFP) status on the grounds he is subject to 28 U.S.C. § 1915(g), the "three-strikes" rule. Dkt. 17. The Court having considered Defendant's motion, all related pleadings and the record recommends Defendant's motion to revoke IFP status be **GRANTED**, and Plaintiff be directed to pay the filing fee within 14 days of adoption of this recommendation or the matter will be dismissed.

REPORT AND RECOMMENDATION
REVOKING IFP STATUS - 1

# DISCUSSION

Plaintiff, a Stafford Creek Corrections Center detainee, filed a § 1983 complaint alleging Defendants violated his rights by failing to adequately treat his right elbow. Dkts. 1 and 9. Plaintiff also filed an application to proceed IFP. Dkt. 7. The Court granted the IFP application based upon the financial information Plaintiff provided and a review of the Court's records which showed Plaintiff had filed just one other action in this District. Dkt. 8.

On June 26, 2023, Defendants moved to revoke Plaintiff's IFP status contending that between 2015 and 2017, Plaintiff filed five prisoner civil rights suits in the Eastern District of Washington which were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. In support, Defendants cite *Hubley v. Spokane County*, 16-360-RMP in which the Court issued an Order of dismissal stating: "Plaintiff does not refute the finding that he has filed three or more actions while incarcerated, which were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted." *See* 16-360-RMP (Dkt. 10, 2017 Order dismissing action). Indeed, the lawsuits that Plaintiff had previously filed in *Hubley v. Spokane County Jail,* 15-350-SMJ; *Hubley v. Spokane County*, 16-178-RMP; and *Hubley v. Spokane County*, 16-321-RMP were each dismissed as frivolous, malicious or for failure to state a claim under 28 U.S.C. 1915(e)(2) and 1915A(b)(1), thus making each dismissal a "strike."

Under 28 U.S.C. § 1915(g), a prisoner such as Plaintiff must pay the filing fee if he:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

REPORT AND RECOMMENDATION
REVOKING IFP STATUS - 2

1     Plaintiff has not disputed the dismissal orders in the Eastern District of Washington are
2 "strikes," or that he has three strikes. Rather, after Defendants moved to revoke Plaintiff's IFP
3 status, Plaintiff filed a letter stating he does not understand why he has "three strikes," and he is
4 "being made to pay 400 dollars" even though he has shown he has a "case against corrections for
5 medical malpractice" and "8th amend violation." In his letter Plaintiff also requests copies of all
6 pleadings and records he has submitted to the Court. Dkt. 21.

7     Plaintiff's letter does not contradict Defendants' contention Plaintiff has three prior
8 strikes. In any event, the Court takes judicial notice that the Eastern District of Washington's
9 records establish Plaintiff has three strikes. *See* Fed. R. Evid. 201(b)(2); *United States v. Wilson*,
10 631 F.2d 118, 119 (9th Cir.1980). The Court also finds Plaintiff is collaterally estopped from
11 relitigating whether he has "three strikes" under § 1915(g) because this issue has already been
12 litigated in *Hubley v. Spokane County*, 16-360-RMP.

13     Plaintiff's letter also does not show he is under imminent danger of serious physical
14 injury, such that his IFP status should be allowed despite his three strikes. The language of the
15 imminent danger clause in § 1915(g) indicates imminent danger of serious physical injury should
16 be assessed when the complaint was filed, not at the time of the alleged constitutional violations.
17 *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Plaintiff's complaint, submitted on
18 April 8, 2024, alleged he had elbow pain and swelling in November 2023, and that there have
19 been unacceptable delays in treatment including MRI imaging tests. On June 27, 2024, Plaintiff
20 submitted a request for counsel attaching Grievances and "Health Services Kites" regarding his
21 claims, Dkt. 19. These exhibits show the prison facilitated MRI testing and Plaintiff was
22 informed on May 29, 2024 that:

23     > Your most recent MRI of your right elbow shows palpable
     > abnormality corresponds to an olecranon bursa fluid collection.

REPORT AND RECOMMENDATION
REVOKING IFP STATUS - 3

> There is some surrounding fat stranding which suggests bursitis. No other abnormality in the elbow. Specifically, ligaments and tendons are intact. There is a small focal viscosity in the antecubital fossa. If you have any questions please send a kite. Thank you.

*Id.* Plaintiff's own pleadings thus show he does not face imminent danger of physical harm but instead has bursitis of the right elbow.

The Court accordingly finds Defendants have met their initial burden that Plaintiff has three prior strikes, and as such the burden has shifted to Plaintiff to show § 1915(g) is inapplicable. *See Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019). Plaintiff presents nothing contradicting he has three strikes, and the allegations and evidence regarding the severity of his elbow problems do not establish imminent danger of physical harm. The Court therefore recommends revoking Plaintiff's IFP status, and that Plaintiff be ordered to pay the filing fee within 14 days of adoption of this recommendation or the matter will be dismissed.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Thus, Plaintiff shall not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **July 31, 2024.** The Clerk should note the matter for **August 2, 2024**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.

/

/

REPORT AND RECOMMENDATION
REVOKING IFP STATUS - 4

The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 16th day of July, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION
REVOKING IFP STATUS - 5